IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOREN GALLARDO, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:07-CV-093-M |
| | ) | ECF |
| BILL ENRIGHT, | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |
| | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I.  BACKGROUND

Plaintiff filed this *pro se* civil complaint on January 5, 2007 in the United States District Court for the Northern District of Texas, Fort Worth Division. By Order of that Court, the matter was transferred to the United States District Court for the Northern District of Texas, Dallas Division on January 16, 2007. Plaintiff's complaint is relatively brief: she merely alleges that Defendant initially agreed to allow her to have dogs in her home but then evicted her because she was keeping dogs. (*See generally* Compl.)    On the civil cover sheet Plaintiff submitted with this complaint, she  indicates that her suit is a civil rights complaint under the Fair Housing Act. Neither the complaint nor any other pleadings filed by plaintiff indicate the type of relief she seeks. No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff has been permitted to proceed *in forma pauperis*.  Because she is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim lacks an arguable basis in fact when it des-cribes "fantastic or delusional scenarios."  *Id.* at 327-28.  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III.  FAIR HOUSING ACT

Plaintiff sues Bill Enright under the Fair Housing Act for allegedly evicting her from the property she was leasing because she was keeping pet dogs on the premises.  The Fair Housing Act prohibits certain discrimination in the sale or rental of housing. *See*  42 U.S.C. 3603(a).  Such prohibited discrimination includes refusing to sell or rent because of race, color, religion, sex, familial status, or national origin. *See* 42 U.S.C. § 3604; *see also Cox v. City of Dallas*, 430 F.3d 734, 740 (5th Cir. 2005). The Act further allows for a private right of action for individuals seeking relief for alleged

discriminatory practices. *See* 42 U.S.C. 3613(a).

In her complaint, Plaintiff does not allege that she was prohibited from renting, selling, or purchasing any property because of race, color, religion, sex, familial status, or national origin. Instead, Plaintiff's complaint alleged she was evicted from her rental property lot because she was a pet owner.  The prohibitions in the Fair Housing Act do not extend to such circumstances.  Because there is no issue of any prohibition on the sale, purchase, or rental of any property on the basis of race, color, religion, sex, familial status or national origin, there is no claim under the Fair Housing Act. Accordingly, this Court recommends that Plaintiff's claim based on the Fair Housing Act be dismissed for failing to state a claim.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint against defendant with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

**SIGNED** this 12th day of April 2007.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4